## The People of the State of Illinois, Appellee, v. William Coleman, Jr., Appellant.

### (Not to be reported in full.)

Appeal from the County Court of Jersey county; the Hon. HARRY W. POGUE, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 13, 1915.

### Statement of the Case.

Bastardy proceedings by the People of the State of Illinois, plaintiff, against William Coleman, Jr., defendant. From a judgment for plaintiff on a verdict of the jury finding defendant to be the father of the bastard child of Ora Tucker, defendant appeals.

On August 26, 1914, Ora Tucker filed her complaint before the justice of the peace charging, "that on or about the —— day of April, 1914, the crime of bastardy was committed in said county, and named defendant as guilty of said crime." The child was born October 28, 1914, and the prosecutrix testified that the acts of intercourse which caused her condition took place on the evening that she attended a show with defendant at the Modern Woodmen hall in the Town of Fidelity, which was on the last Wednesday in January, 1914, and also on the following Sunday evening. Defendant admitted in his testimony to having had many acts of intercourse with the prosecutrix, but that she having positively testified as to the particular dates when such acts took place which caused her condition that she must prove those acts as of such particular dates, and as the preponderance of the evidence showed that he was not with her in Fidelity at those times, the verdict was contrary to the evidence. The prosecutrix was corroborated in her testimony in this regard by several witnesses who were at least as disinterested as those who testified for defendant.

It was further contended that as the complaint charged that the acts of intercourse took place in April, 1914, and as the prosecutrix testified on the trial that they were committed in January, 1914, defendant was taken by surprise, and did not have sufficient opportunity for procuring evidence to contradict her testimony, and in support of the motion for a new trial, affidavits were filed by several officers of the Fidelity Camp of the Modern Woodmen to the effect that no entertainment of any kind was given in the Modern Woodmen hall on behalf of the Modern Woodmen on the evening of the last Wednesday in January, 1914, and one affidavit stated that no entertainment of any kind was given on behalf of said camp in said hall on any night during said month of January. But it appeared that said hall was also used by a society known as the Royal Neighbors of America, and the affidavit did not state, and no affidavit was filed, stating that there was not in fact an entertainment given on behalf of the Royal Neighbors of America in said hall, or one given under some other auspices, on some night during the month of January.

FERNS & SUMNER, for appellant.

W. J. CHAPMAN, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. BASTARDS, § 33*—*when question whether defendant was with prosecuting witness at times claimed for jury.* In bastardy proceedings, where the evidence was conflicting as to whether defendant was with the prosecuting witness at the times claimed by the latter, *held* that such question was for the jury.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. BASTARDS, § 19*—*when exact day of intercourse immaterial.* It is immaterial, in bastardy proceedings, on what particular days alleged acts of intercourse took place, if, in fact, the defendant is the father of the bastard child.

3. NEW TRIAL, § 99*—*when affidavit in support of new trial on ground of surprise insufficient.* In bastardy proceedings where the complaint charged that the acts of intercourse took place at a certain time, but the prosecutrix testified that they took place three months earlier, affidavits in support of a motion for new trial on the ground of surprise, *held* insufficient.